[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff and the defendant intermarried on October 12, 1968 at Meriden, Connecticut. One of the parties has resided continuously in the State of Connecticut for at least one year next before instituting this action. There are no minor children issue of this marriage, the only two children having attained the age of majority. Neither of the parties has received assistance from the State of Connecticut or any of its divisions. CT Page 2087
This marriage has broken down over a period of years. The parties have grown apart and the interests in life that each have presently have no nexus with one another. The plaintiff feels emotionally void and while the defendant does not seem to realize this.
The court concludes that he has accepted the reality that there is nothing left of this marriage. The court concludes that the marriage has broken down irretrievably and that the fault of neither of the parties is greater than that of the other. It should be noted that she engaged in an affair about 23 years ago, but the parties reconciled thereafter and that said events played no part in the breakdown of this marriage.
She has worked over the years while after a period of time at home taking care of the children and he has always been gainfully employed. They have jointly acquired the assets of the marriage with the exception of the gift to each of them a 25% of 143 acres, which parcel will be subject to further order of this court.
Based upon the admissible, credible and relevant evidence presented to the court and taking into consideration the statutory criteria as spelled out in Connecticut General Statutes § 46b-81 82, the court makes the following findings of fact and conclusions of law and orders entered herewith.
The court finds that the value of the home and 12 acre parcel on which it sits to be $220,000.00. For the purposes of the division of equity the court considers only the first mortgage in the approximate amount of $18,800.00. And accordingly finds equity in said parcel in the amount of $201,200.00. The court orders that the plaintiff convey all her right, title and interest in and to said parcel to the defendant and that he pay her as her share of the equity the sum of $100,600.00 within ninety days of the date of this decision.
With respect to the 143 acre parcel located in the immediate area of the residence, which parcel is owned by the parties hereto and two other parties, resulting in each of the parties hereto having a 25% interest, the court finds that its value is $500,000.00. The court sets over to the, plaintiff 25% of said real estate to be hers absolutely. And since the two other parties in co-ownership of this parcel are not before the court, CT Page 2088 the court will leave it to the plaintiff to take whatever action at law she deems reasonable in order to liquidate her interests, if that is her wish.
The court further orders that 50% of the pension plan and profit sharing plan of the defendant is transferred to the plaintiff by qualified domestic relations order which the parties are ordered to prepare and submit to the court for execution.
The Jeep automobile is set over and assigned to the plaintiff to be hers absolutely.
The defendant is ordered to pay to the plaintiff the sum of $250.00 per week as alimony until he accomplishes the payment to her of her equity in the residence parcel. Thereafter he shall pay to her the sum of $100.00 per week as alimony for a period of one year from the real estate equity payment to the plaintiff.
The court understands that the parties have agreed to a disposition of the balance of the personal property and in addition to their agreement the court orders that those items listed on the plaintiff's Exhibit 6 be transferred to her to be hers absolutely. With the exception of the piano, the organ and the scooter which the parties shall dispose of by agreement.
The marriage has broken down irretrievably and a decree is entered dissolving the marriage.
It is so ordered.
HIGGINS, J.